UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| RICHARD CROUCH and PENNY CROUCH, Plaintiffs<br><br>v.<br><br>CENTRAL CREDIT SERVICES, INC. Defendants | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

4. Venue is proper in this District because pursuant to 28 U.S.C. § 1331(b), a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in a judicial district where any Defendant resides.

5. Defendant is deemed to reside in this District, because Defendant, Central Credit Services, Inc. is a corporation and would be subject to personal jurisdiction in this District at the time this action commenced, since Defendant transacts business in this District.

## PARTIES

6. Plaintiffs Richard Crouch and Penny Crouch, husband and wife are natural persons residing in the Town of Lansford, County of Carbon, State of Pennsylvania, and are "consumer[s]" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant, Central Credit Services, Inc. (hereinafter referred to as "CCS"), is a Florida corporate entity, with its corporate headquarters located at 9500 Regency Square Boulevard, Suite 602, Jacksonville, Florida 32225.

8. At all times relevant to this Complaint, Defendants CCS transacted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff, Richard Crouch is alleged to have incurred a certain financial obligation.

10. The alleged obligation was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a Auto Loan with Wells Fargo.

11. Due to circumstances beyond his control, Plaintiff allegedly fell behind on said obligation and became unable to make his monthly payments.

12. Plaintiff's account was assigned, sold or otherwise transferred to Defendant, CCS for collection.

13. On or around January 2013, Defendant CCS began contacting the Crouch home telephone and the cellular telephone of Richard Crouch in an attempt to collect a debt.

14. Both Richard Crouch and Penny Crouch repeatedly answered these calls.

15. On January 23, 2013, Defendant by and through its agent Ann Smith, placed a call to the Crouch residence demanding payment of an alleged unpaid debt. Penny advised the caller that Richard was not available and ended the call.

16. Shortly after the initial call on January 23, 2013, Penny Crouch received a second call from CCS on the home telephone. This time the caller identified himself as Mark Fry from CCS. During the call CCS' agent/employee threatened Crouch with

legal action and seizure of personal property if Crouch did not pay the unpaid Wells Fargo account.

17. On January 25, 2013, CCS, by and through its agent, Kate Brigham placed another call to the Crouch residence. Penny Crouch again answered and was instructed by CCS's agent/employee that a judgment had been placed against Richard Crouch for the unpaid Wells Fargo account.

18. CCS routinely placed calls to both the Crouch's residence and Richard Crouch's cellular telephone in rapid succession, many times after already speaking with Plaintiffs.

19. CCS continued to call Plaintiffs' residence and Richard Crouch's cellular telephone for many months demanding payment on the alleged debt.

20. All of the calls placed by CCS to the Crouch residence and to Richard Crouch's cellular phone were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C § 1692a(2).

21. Through its communication with Plaintiff, Defendants above-referenced conduct violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), and 1692f amongst others.

22. While attempting to collect the alleged debt from Plaintiff, Defendant utilized collection tactics that are abusive, harassing and deceptive; and that are contrary to the standards of civilized society and those of other collection agencies in its industry.

23. The acts and omissions of Defendant CCS's agent/employees, who communicated with Plaintiffs, as described herein, were committed within the time and space limits of his/her agency relationship with his principal, Defendant CCS.

24. The acts and omissions by Defendant CCS' agents/employees were incidental to or of the same general nature, as the responsibilities Defendant CCS authorizes its agents to perform in collecting consumer debts.

25. In committing these acts and omissions against Plaintiff, Defendant CCS' agents/employees were motivated to benefit their principal, Defendant, CCS.

26. Defendant, CCS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions of its agent/employee conducted in violation of state and federal law, including by not limited to violations of the FCPDA.

27. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages in the form of extreme stress, fear, humiliation, and embarrassment.

## **TRIAL BY JURY**

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

31. As a result of each of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

### (FCEUA)

### 73 P.S. § 2270.1 et. seq.

### AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendants are "debt collector" as defined by 73 P.S. § 2270.3 of the FCUEA.

34. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

35. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (b) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

   (c) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

   (d) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

37. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

38. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

## (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER

## PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the Defendant from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a).

Respectfully submitted,

Dated: January 22, 2014          **RAPA LAW OFFICE, P.C.**

By: _____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730
Attorney for Plaintiff